IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EDDIE PIKULIN | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 2:18-cv-00004-D |
| v. | § | |
| | § | JURY |
| ASARCO, LLC, | § | |
| | § | |
| Defendant. | § | |

## AMENDED COMPLAINT

Plaintiff Eddie Pikulin files this amended complaint, complaining of Asarco, LLC, and shows the Court as follows:

### PARTIES

1.  **Plaintiff**. Plaintiff Eddie Pikulin is an individual residing at 24301 Mountain Trial, Canyon, Randall County, Texas 79015.

2.  **Defendant**. Defendant Asarco is a foreign limited liability company with its principal place of business located at 5285 E Williams Circle, Suite 2000, Tucson, Arizona 85711. Defendant Asarco has answered and appeared herein.

### JURISDICTION AND VENUE

3.  This action was originally filed in state district court, and was removed to federal court by Defendant based on the allegation of diversity jurisdiction. The amount in controversy exceeds $75,000, excluding interest and costs. If federal diversity jurisdiction exists, venue is proper in the Amarillo Division of the Northern District because all or a substantial part of the events upon which this suit is based occurred in this district and within this division.

EXHIBIT "A"

## FACTS

4. On or about January 28, 2016, as part of his employment with Defendant, Plaintiff was doing preventive maintenance on the North Crain in Anode Casting at the Asarco plant. While he was operating the crane with a remote, he fell backwards over a chain that was lying on the floor several feet away from the chain rack, injuring his shoulder, buttocks and body in general.

5. The incident described above and the resulting injuries to Eddie Pikulin were proximately caused by the negligence of Asarco. Defendant Asarco was negligent in one or more of the following ways:

   a. Failure of employees of Asarko to keep the work area clear of debris and equipment. Employees working the first shift had an obligation to remove tools, including the chain in question, from the work area. They knew, or reasonably should have known, that an unsafe condition existed in the workplace, yet failed to correct the condition;

   b. Employees of Asarko had an obligation to inspect the work area before leaving their shift. Their failure to inspect the area near the chain rack and to place the chain in a safe place created an unsafe work environment which was a direct cause of Plaintiff's injury;

   c. Asarco enacted rules regarding the maintenance of a safe work environment, but failed to properly train employees and enforce the rules which were in place;

   d. Failure of employees of Asarco to follow rules regarding housekeeping and the maintenance of a safe work environment;

   e. Failure of employees of Asarco to exercise ordinary care in performance of their jobs;

   f. Failing of Asarco to properly supervise employees in the job in question; and

   g. Failure of Asarco to provide adequate assistance to Plaintiff so that he could perform his job in a safe manner;

   h. Failure of employees of Asarco to warn Plaintiff of the existence of a dangerous condition in the workplace.

6. Each and all of the foregoing acts and omissions, taken separately and collectively, constitutes negligence which proximately caused the accident in question and is a direct and proximate cause of the injuries and damages set forth herein.

### WAIVER

7. On the occasion in question, Defendant Asarco did not carry workers' compensation insurance for its employees. Defendant has therefore waived any defense to this action that Plaintiff was guilty of contributory negligence, that Plaintiff assumed the risk, or that the injury was caused by the negligence of a fellow employee, pursuant to TEX. LABOR CODE § 406.033.

### DAMAGES

8. As a direct and proximate result of the negligence of Defendant Asarco as described herein, Plaintiff has suffered substantial injuries and the following damages, the dollar value of which exceeds the minimum jurisdictional limits of this Court. These damages consist of, but are not limited to:

   a. Physical pain and suffering in the past and that in reasonable probability, Plaintiff will suffer in the future;

   b. Mental anguish in the past and that, in reasonable probability, Plaintiff will suffer in the future;

   c. Loss of earnings and earning capacity in the past and that, in reasonable probability, Plaintiff will sustain in the future;

   d. Physical impairment and disability of Plaintiff in the past and which, in reasonable probability, Plaintiff will sustain in the future;

   e. Medical and incidental expenses in the past and which, in reasonable probability, Plaintiff will incur in the future; and

   f. Disfigurement which Plaintiff has suffered and will suffer in the future

EXHIBIT "A"

9. Plaintiff claims prejudgment and postjudgment interest on the damages that he has suffered as a result of the incident in question.

**CONDITIONS PRECEDENT**

10. All conditions precedent to Plaintiff's claims have been performed or have occurred.

**JURY DEMAND**

11. Plaintiff demands a jury trial.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and upon final trial of this cause, Plaintiff have judgment against Defendant for the damages described herein in an amount in excess of the minimum jurisdictional limits of this Court, for costs of suit, prejudgment interest at the highest lawful rate, post-judgment interest at the highest lawful rate, and for such other and further relief, general or specific, at law or in equity to which Plaintiff may show himself justly entitled.

Respectfully submitted,

*/s/ David M. Russell*
David M. Russell
State Bar No. 17409300
david@tshhr.com
TEMPLETON, SMITHEE, HAYES, HEINRICH & RUSSELL, LLP
320 S. Polk, Suite 1000
Amarillo, Texas 79101
Telephone:   806.324.0324
Facsimile:    806.379.8568
***ATTORNEYS FOR PLAINTIFF***

EXHIBIT "A"

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing instrument was served upon the following this _____ day of _____, 2018, addressed as follows:

| | |
|---|---|
| Jennette E. DePonte<br>McCathern, PLLC<br>Regency Plaza<br>3710 Rawlins, Suite 1600<br>Dallas, Texas 75219 | Via Electronic Notice ☒<br>Certified Mail, Return Receipt Requested ☐<br>United States Regular Mail ☐<br>Overnight Mail ☐<br>Via Facsimile Transmission ☐<br>Via Hand-Delivery ☐ |

*/s/ David M. Russell*
David M. Russell

EXHIBIT "A"